IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHASE LOFTI, <br><br> Plaintiff, <br><br> v. <br><br> MCLAREN AUTOMOTIVE, INC. <br><br> Defendant. | Case No. 1:22-cv-01658 <br><br> JURY TRIAL DEMANDED |

**DEFENDANT MCLAREN AUTOMOTIVE, INC.'S NOTICE OF REMOVAL**

Defendant MCLAREN AUTOMOTIVE, INC. ("MAI"), by and through its undersigned counsel, hereby files this Notice of Removal to Federal Court ("Notice of Removal") pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), (b) and 1446 removing the action entitled *Chase Lofti v. McLaren Automotive, Inc.*, Case No. 2022-L-001845, from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division. This action is within the original jurisdiction of the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1331 and 1332 because (i) Plaintiff's claims arise under federal law, i.e., The Magnuson Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*; (ii) there is complete diversity amongst the Plaintiff and Defendant; and (iii) the total amount in controversy exceeds $75,000. MAI denies the allegations contained in the state court pleadings filed in the Circuit Court of Cook County, Illinois, and files this Notice of Removal without waiving any rights, defenses, exceptions, or obligations that may exist in its favor in state or federal court. In support of this Notice of Removal, MAI states as follows:

**STATEMENT OF JURISDICTION**

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. §§1331 and 1332(a) and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) and for the reasons explained below.

**THE REMOVED ACTION**

2. Plaintiff Chase Lofti ("Plaintiff") filed its complaint (the "Complaint") against MAI on February 24, 2022, in the Circuit Court of Cook County, Illinois, under Case Number 2022-L-001845 (the "Action").

3. Plaintiff served MAI with a Summons and Complaint on March 4, 2022.

4. True and correct copies of all process, pleadings, and orders served upon MAI are attached as **Exhibit A** and are being filed along with this Notice of Removal.

5. Other than the documents attached as Exhibit A, no pleadings, process, orders, or other documents in the case have been served or otherwise received by MAI or, to MAI's knowledge, are presently on file in the Circuit Court.

6. MAI did not respond to the Complaint in the Circuit Court prior to removal.

**PROCEDURAL ISSUES**

7. Removal is timely under 28 U.S.C. § 1446(b). Plaintiff served MAI with the Summons and Complaint on or about March 4, 2022. *See* Ex. A. Therefore, this Notice of Removal is timely filed within thirty (30) days after service of the Summons and Complaint on MAI.

8. Venue is proper under 28 U.S.C. § 1441(a) because the Circuit Court of Cook County, Illinois, where the state court action is pending, is located within the United States District Court for the Northern District of Illinois, Eastern Division.

## JURISDICTION IS PROPER UNDER § 1331 and 1332(a)

9. Pursuant 28 U.S.C. § 1331, federal district courts have original jurisdiction over actions arising under federal law. In addition, pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over all civil actions where (1) the action is between citizens of different states or citizens of a state and an alien, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. As explained below, this Action satisfies all of these requirements and this Court, therefore, has jurisdiction.

## THE CLAIMS ARISE UNDER FEDERAL LAW

10. Section 1331 provides: [t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

11. As alleged by Plaintiff in the Complaint, Plaintiff's claims arise exclusively under federal law, The Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. *See* Ex. A, Compl. ¶¶ 22-38.

## THE PARTIES ARE CITIZENS OF DIFFERENT STATES

12. Section 1332(a) requires complete diversity of citizenship, which is established when "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

13. As alleged by Plaintiff in the Complaint, Plaintiff is a citizen of the State of Illinois, and MAI is *not* a citizen of the State of Illinois. *See* Ex. A, Compl. ¶ pp. 1-2. MAI is incorporated under the laws of the State of Delaware and its principal place of business in the United States is located in Coppell, Texas. *See* Ex. A, Compl. ¶ pp. 2; Exhibit B, Illinois Secretary of State Certificate of Good Standing (last visited March 22, 2022). Accordingly, MAI is a citizen of

Delaware and Texas for purposes of the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …").

14. Because Plaintiff is a citizen of Illinois and MAI is not a citizen of Illinois, there is complete diversity of citizenship in this action as required by § 1332(a).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."

16. "[A] defendant's notice of removal need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) ***only*** when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (emphasis added). Although MAI does not concede or admit, in any fashion, that any claims for any amounts alleged in the Complaint have legal or factual merit, it is evident from the Complaint that the amount in controversy exceeds the jurisdictional threshold.

17. The matter in controversy centers around a 2019 McLaren 570S Spider (VIN SBM18FAA5KW005689) ("Subject Vehicle") that Plaintiff purchased on or about May 22, 2019. *See* Ex. A, Compl. ¶ 3. Plaintiff purchased the Subject Vehicle for $204,205.66. *See* Ex. A, Compl. ¶ 4 and Exhibit "1" to Compl. "Purchase Contract dated 5/22/19."

18. Among other forms of relief including return of all monies paid, Plaintiff seeks incidental and consequential damages, and attorneys' fees and costs. *See* Ex. A, Compl. ¶¶ 30, 38, Prayer for Relief. Attorneys' fees are properly considered in determining the amount in controversy. *See Brandy v. Brotherhood's Relief and Comp. Fund*, No. 07-C-2204, 2007 WL

4

9815742, at *2 (N.D. Ill. July 24, 2007) ("if a plaintiff seeks statutory penalties or attorneys fees, those amounts will count towards the amount in controversy 'exclusive of interests and costs.'").

## NOTICE TO ADVERSE PARTY AND STATE COURT

19. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being sent to Plaintiff and the Clerk of Court for Cook County, Illinois. Copies of the Notice to Clerk and Notice to Plaintiffs are attached hereto as Exhibits C and D, respectively. MAI reserves the right to amend or supplement this Notice of Removal.

20. MAI requests a trial by jury.

## CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441(a) and (b), and 1446, MAI hereby removes this Action now pending in the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division and respectfully requests that the Court exercise jurisdiction over this action.

Dated: March 30, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　HUSCH BLACKWELL LLP

　　　　　　　　　　　　　　　　　　　　By: /s/ *Kayla E. Schmidt*
　　　　　　　　　　　　　　　　　　　　　　Kayla E. Schmidt
　　　　　　　　　　　　　　　　　　　　　　120 South Riverside Plaza, Suite 2200
　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606-3912
　　　　　　　　　　　　　　　　　　　　　　Telephone: 312.526.1522
　　　　　　　　　　　　　　　　　　　　　　Facsimile: 312.655.1502
　　　　　　　　　　　　　　　　　　　　　　kayla.schmidt@huschblackwell.com

　　　　　　　　　　　　　　　　　　　　　　Lisa Gibson*
　　　　　　　　　　　　　　　　　　　　　　Amy Toboco*
　　　　　　　　　　　　　　　　　　　　　　Nelson Mullins
　　　　　　　　　　　　　　　　　　　　　　19191 South Vermont Avenue
　　　　　　　　　　　　　　　　　　　　　　Torrence, CA 90502
　　　　　　　　　　　　　　　　　　　　　　Telephone: 424.221.7415

Facsimile: 424.221.8499
Lisa.gibson@nelsonmullins.com
Amy.toboco@nelsonmullins.com

*pro hac vice forthcoming*

**Attorneys for Defendant McLaren Automotive, Inc.**

## **CERTIFICATE OF SERVICE**

Kayla Schmidt, an attorney, hereby certifies that a true and correct copy of the foregoing, **Defendant's Notice of Removal**, was filed with the Court's CM/ECF electronic filing system on March 30, 2022 and served via email and U.S. First Class Mail on:

**Attorney for Plaintiff**

David B. Levin
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
Email: dlevin@toddflaw.com

/s/ *Kayla E. Schmidt*