**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHASE LOTFI,<br><br>          Plaintiff,<br><br>   v.<br><br>MCLAREN AUTOMOTIVE, INC.<br><br>          Defendant. | Case No. 1:22-cv-01658<br><br>Honorable Martha M. Pacold |

**DEFENDANT MCLAREN AUTOMOTIVE, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant McLaren Automotive, Inc. ("MAI" or "Defendant") hereby submits its Answer and Affirmative Defenses to the Complaint (the "Complaint") of Plaintiff Chase Lotfi ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(a)-(b) and 81(c) about the "Subject Vehicle" or "Vehicle," identified as a 2019 McLaren 570S Spider, VIN No. SBM13FAA5KW005689.

## MAI'S ANSWER

Defendant responds to the specific allegations of Plaintiff's Complaint, in accordance with the order and number of paragraphs in which they are alleged as follows:

1. Answering Paragraph 1 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies the allegations contained therein.

2. Answering Paragraph 2 of the Complaint, Defendant admits that MAI is a Delaware corporation qualified to do business in the State of Illinois. Defendant further admits that MAI has its corporate headquarters in Coppell, Texas. MAI denies that it has corporate headquarters at any other location.

3. Answering Paragraph 3 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies the allegations contained therein.

4. Answering Paragraph 4 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies the allegations contained therein.

5. Answering Paragraph 5 of the Complaint, Defendant admits that there are express warranties applicable to the Subject Vehicle, including a vehicle limited warranty with a duration of 3-years or unlimited mileage which contains exclusions for, among other things, vehicle damage. Defendant denies that the Vehicle limited warranty is "bumper to bumper" and without exclusions. Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained therein and on that basis denies each and every remaining allegation contained therein.

6. Answering Paragraph 6 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies the allegations contained therein.

7. Answering Paragraph 7 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies the allegations contained therein.

8. Answering Paragraph 8 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

9. Answering Paragraph 9 of the Complaint, Defendant denies the allegations

contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant admits that certain repairs to the Subject Vehicle were covered under the vehicle limited warranty or at no charge to Plaintiff. Defendant denies each and every remaining allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant denies that damage to the Subject Vehicle is a nonconformity or defect. Defendant further states that it lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Defendant lacks sufficient information

and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

17. Answering Paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

18. Answering Paragraph 19 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

19. Answering Paragraph 20 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

20. Answering Paragraph 21 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

## COUNT I
## BREACH OF WRITTEN WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

22. Answering Paragraph 22 of the Complaint, Defendant incorporates its answers to Paragraphs 1-21 as though fully set forth herein.

23. Answering Paragraph 23 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

24. Answering Paragraph 24 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

25. Answering Paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26. Answering Paragraph 26 of the Complaint, Defendant admits that there are express warranties applicable to the Subject Vehicle, including a vehicle limited warranty with a duration of 3-years or unlimited mileage which contains exclusions for, among other things, vehicle damage. Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained therein and on that basis denies each and every remaining allegation contained therein.

27. Answering Paragraph 27 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, Defendant denies the allegations contained therein.

30. Answering Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

## COUNT II
## BREACH OF IMPLIED WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

31. Answering Paragraph 31 of the Complaint, Defendant incorporates its answers to Paragraphs 1-30 as though fully set forth herein.

32. Answering Paragraph 32 of the Complaint, Defendant lacks sufficient information

and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

33. Answering Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

35. Answering Paragraph 35 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

36. Answering Paragraph 36 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis denies each and every allegation contained therein.

37. Answering Paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

38. Answering Paragraph 38 of the Complaint, Defendant denies the allegations contained therein.

## DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies any and all liability to Plaintiff. Defendant specifically denies that Plaintiff is entitled to any of the relief requested in the prayer for relief in Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

Defendant McLaren Automotive, Inc. hereby demands a jury trial.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to the Complaint, Defendant alleges, on information and belief, the following affirmative defenses. By alleging the following affirmative defenses,

Defendant does not assume any burden of production, proof, or persuasion as to such defenses not otherwise imposed by law.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (No Breach of Warranty)

There was no breach of warranty to the extent that Plaintiff's concerns were resolved under the warranty.

### THIRD AFFIRMATIVE DEFENSE
### (Abuse, Misuse, Alteration and Improper Care)

Plaintiff and/or others misused, abused, altered and improperly cared for and maintained the Vehicle contrary to Defendant's approval or consent, and Plaintiff's damages, if any, were proximately caused by such misuse, alteration, abuse and neglect of the product.

### FOURTH AFFIRMATIVE DEFENSE
### (No Defect in Materials or Workmanship)

The damages asserted in Plaintiff's unverified Complaint were not the result of any design or manufacturing defect in material or workmanship in any vehicle manufactured by Defendant. Specifically, Defendant alleges that, after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Maintain Vehicle)

Defendant alleges that Plaintiff is precluded from recovery due to failure to maintain and service the Vehicle in conformity with the requirements and recommendations of the owner's manual and/or warranty booklet.

### SIXTH AFFIRMATIVE DEFENSE
### (Disclaimer of Incidental and Consequential
### Damages and Limitation of Damages)

The limited warranty for the Vehicle at issue limits the damages that may be obtained by Plaintiff for any alleged breach of warranty such that some, if not all, of the damages sought, including those for incidental or consequential damages, are not recoverable.

### SEVENTH AFFIRMATIVE DEFENSE
### (Vehicle Fit for Intended Purpose)

The Vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Impairment of Use, Value or Safety)

The Vehicle has not been subject to repair for any nonconformity or condition that substantially impaired the use, value or safety of the vehicle.

### NINTH AFFIRMATIVE DEFENSE
### (Unreasonable Use of Vehicle)

Plaintiff's claims may be barred by waiver due to Plaintiff's unreasonable use of the Vehicle after the nonconformity or nonconformities allegedly could not be repaired.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff failed and neglected to use reasonable care to protect himself and to minimize his losses and damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE
### (No Agency Relationship)

Defendant denies any allegations of agency contained in Plaintiff's unverified Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
### (Good Faith Conduct)

Defendant has acted in good faith and reasonably with respect to the matters alleged in Plaintiff's Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Warranty Exclusions)

Plaintiff's action for breach of warranty is barred by the terms, conditions, disclaimers and exclusions of the warranty, including damage caused by external influences on the Vehicle and its parts; moreover, Plaintiff has failed to comply with all obligations under the warranty, if any, including, but not limited to, timely notice, proper maintenance and appropriate use.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's causes of action and claims are barred, in whole or in part, by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

One or more of Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations and Laches)

One or more of Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Third Party Actions)

Plaintiff's claims are barred, in whole or in part, because certain alleged vehicle nonconformities, if any, were the result of the actions of third parties, and not from any breach of warranty.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Superseding Acts of Others)

Defendant is not responsible for any injuries or damages to Plaintiff that were proximately caused or contributed to by intervening or superseding acts of other persons, entities, including, without limitation, the Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Disclaimer of Consequential Damages)

Defendant is not responsible for any consequential or incidental damages of Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE
### (No Liability for Repairs to Vehicle)

Defendant is not liable for any negligence based on repairs to the Vehicle as Defendant is not involved in the repair or service of McLaren vehicles and is simply the distributor of McLaren vehicles.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Proximate Cause)

Defendant is not responsible for any injuries or damages to Plaintiff because any actions of Defendant were not the proximate cause of Plaintiff's injuries or damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Failure to Comply with Owner's and Service and Warranty Manual)

Plaintiff's claims against Defendant are barred due to Plaintiff's failure to maintain and service the Vehicle and failure to comply with the recommendations and requirements set forth in the owner's manual and service and warranty manual.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Warranty Voided)

Plaintiff's claims against Defendant are barred due to Plaintiff's alteration and/or modification of the Vehicle such that the applicable terms of the express warranty were voided.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
**(Circumstances Beyond Defendant's Control)**

Defendant is not responsible for any injuries or damages to Plaintiff that were proximately caused or contributed to by circumstances beyond Defendant's control or which could not have been anticipated and which caused business interruptions or prevented or delayed Defendant's performance, including, but not limited to, acts of God, natural disasters, acts of government, quarantines, the COVID-19 pandemic or other intervening acts outside the control of Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Real Party In Interest/Lack of Standing)**

To the extent that the Subject Vehicle is owned or paid for by, or an asset of, a corporation or business, Plaintiff's claims against Defendant are barred by virtue of the fact that Plaintiff is not the real party in interest and lacks standing to assert the claims.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
**(Compliance With the Law and Applicable Regulations)**

Plaintiff's claims are barred because Defendant has fully performed, discharged and satisfied all obligations and duties imposed upon it by law and any applicable regulations.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
**(No Implied Warranty)**

Plaintiff's claims are barred because there is no implied warranty applicable to the Vehicle as alleged against Defendant, the distributor of the Vehicle.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
**(Plaintiff's Claims Denied in BBB Arbitration)**

Plaintiff's claims relating to the Vehicle were denied in a BBB Auto Line arbitration proceeding by an arbitrator's decision dated November 29, 2021.

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**
(Additional Defenses)

Defendant alleges that it may have additional affirmative defenses available to it of which it is not now fully aware. Defendant reserves the right to assert affirmative defenses after the same shall have been ascertained.

Dated: May 3, 2022

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Lisa M. Gibson*

Lisa Gibson*
Amy Toboco*
Nelson, Mullins, Riley & Scarborough
19191 South Vermont Avenue
Torrance, CA 90502
Telephone: 424.221.7415
Facsimile: 424.221.8499
lisa.gibson@nelsonmullins.com
amy.toboco@nelsonmullins.com

*Admitted pro hac vice*

Kayla E. Schmidt
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606-3912
Telephone: 312.526.1522
Facsimile: 312.655.1502
kayla.schmidt@huschblackwell.com

*Attorneys for Defendant McLaren Automotive, Inc.*

## **CERTIFICATE OF SERVICE**

Lisa M. Gibson, an attorney, hereby certifies that a true and correct copy of the foregoing, **Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint**, was filed with the Court's CM/ECF electronic filing system on May 3, 2022.

/s/ *Lisa M. Gibson*