**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHASE LOTFI,<br><br>     Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC.,<br><br>     Defendant. | Case No. 1:22-cv-01658<br><br>Honorable Judge Martha M. Pacold |

**JOINT INITIAL STATUS REPORT**

Now come the Plaintiff, CHASE LOTFI, and the Defendant, MCLAREN AUTOMOTIVE, INC., by and through their attorneys, and for their Joint Initial Status Report, the parties state as follows:

1. **Nature of the Case**

    A.  <u>Attorneys of Record.</u>

    For Plaintiff:
    David B. Levin – Lead Trial Attorney
    Andrew A. Brashler
    LAW OFFICES OF TODD M. FRIEDMAN, P.C.
    111 W. Jackson Blvd., Suite 1700
    Chicago, Illinois 60604
    (224) 218-0882 (Levin)
    (708) 912-3030 (Brashler)
    dlevin@toddflaw.com
    abrashler@toddflaw.com

    Todd M. Friedman
    LAW OFFICES OF TODD M. FRIEDMAN, P.C.
    21031 Ventura Blvd., Suite 340
    Woodland Hills, CA 91364
    (323) 306-4234
    tfriedman@toddflaw.com

          <u>For Defendant:</u>
Kayla Schmidt
HUSCH BLACKWELL LLP
120 S. Riverside Plaza, Suite 2200
Chicago, Illinois 60606
(312) 526-1522
kayla.schmidt@huschblackwell.com

Lisa M. Gibson – Lead Trial Attorney
Amy Toboco
NELSON MULLINS RILEY & SCARBOROUGH LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
(424) 221-7400
lisa.gibson@nelsonmullins.com
amy.toboco@nelsonmullins.com

B.    <u>Nature of Claims.</u>

This matter arises out of Defendant's alleged breaches of written and implied warranties pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* Plaintiff purchased a 2019 McLaren 570S Spider, manufactured by Defendant, and took possession of the vehicle together with written and implied warranties. Thereafter, Plaintiff alleges that he began to experience defects and nonconformities within the vehicle that substantially impaired the use, value and safety of the vehicle. Plaintiff alleges that Defendant and/or Defendant's authorized servicing dealerships have been unable to cure the defects in the vehicle after a reasonable number of attempts and reasonable period of time. Accordingly, Plaintiff asserts claims under the Magnuson-Moss Warranty Act for breach of written warranty and breach of implied warranty. At this time, there are no counterclaims or third party claims in this matter.

Defendant denies the essential allegations of the Complaint. Defendant contends that the concerns experienced by Plaintiff are not defects, are not covered by the McLaren limited warranty, do not impair the use, value or safety of the vehicle, have been repaired within a reasonable number of attempts and that Defendant did not breach any express or implied warranties.

C.    <u>Major Legal and Factual Issues.</u>

Plaintiff contends that the principal factual issues in this matter include, but are not necessarily limited to the following: whether the defects and nonconformities alleged by Plaintiff were covered by the express written warranties issued by Defendant; whether the nonconformities could or

2

could not have been discovered by Plaintiff prior to Plaintiff's acceptance of the vehicle; the attempts Defendant and/or Defendant's authorized servicing dealerships have made to conform the vehicle to the terms of its written warranties, if any; whether the vehicle was fit for the ordinary purpose for which it was intended; whether Plaintiff was damaged by Defendant's alleged violations; and the extent of Plaintiff's damages; and related issues.

Defendant contends that additional factual issues exist as to whether the alleged nonconformities are defects, whether they are due to improper use or maintenance of the vehicle by Plaintiff and whether they have been repaired by Defendant's authorized dealers. Defendant intends to introduce as evidence of an arbitrator's decision supporting the same. Plaintiff denies that said arbitrator's decision is admissible in evidence and will object to any attempt by Defendant to use it as evidence in this case.

The principal legal issues in this matter include, but are not necessarily limited to the following: whether Defendant fully complied with all of its obligations under the written warranties issues covering the vehicle; whether Defendant violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, by breaching the express written warranties issued with the vehicle; whether the vehicle was impliedly warranted to be fit for the ordinary purpose for which it was intended; whether Defendant violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, by breaching the implied warranty of merchantability; whether Plaintiff was damaged by Defendant's alleged violations; the extent of Plaintiff's damages; and related issues.

Defendant contends that additional legal issues exist as to whether the alleged nonconformities are defects under the applicable state law and whether they are excluded from coverage under the alleged warranties.

D.  Relief Sought by Plaintiff.

Plaintiff's Complaint requests a judgment against Defendant under both Counts I and II as follows:

1. Return of all monies paid or diminution in value of the vehicle, and all incidental and consequential damages incurred by Plaintiff, including, but not limited to, all finance charges and other collateral charges incurred;
2. All reasonable attorneys' fees, witness fees, court costs, and other fees incurred by Plaintiff; and
3. Any other relief the Court may deem just and proper.

Defendant denies that Plaintiff is entitled to recover damages. If liability is

established, Defendant contends that Plaintiff's damages are limited to repairs to the vehicle under the terms of the express vehicle limited warranty and applicable law.

2. **Jurisdiction**

   A. Basis for Federal Jurisdiction.

   Defendant contends that federal question jurisdiction exists pursuant to 28 U.S.C. §1331 because this Court has original jurisdiction over actions arising under federal law and Plaintiff's claims are based on The Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.* Defendant contends that subject matter jurisdiction exists under 28 U.S.C. §1332 because the parties are citizens of different states, as Plaintiff is a citizen of Illinois and Defendant is incorporated under the laws of the State of Delaware and its principal place of business in the United States is located in Coppell, Texas. In addition, the amount in controversy exceeds the jurisdictional threshold because the vehicle at issue in this matter was purchased for $204,205.66 and Plaintiff seeks damages in excess of $75,000.

3. **Status of Service**

   There are no Defendants remaining to be served in this matter.

4. **Consent to Proceed Before a United States Magistrate Judge**

   Counsel for both parties have informed the parties that they may proceed before a Magistrate Judge by unanimous consent. The parties do not unanimously consent to proceed before a Magistrate Judge in this matter.

5. **Motions**

   A. Pending Motions.

   No motions are currently pending in this matter. Defendant intends to seek a protective order, by motion or stipulation, to govern disclosure of confidential documents. The Parties also reserve the right to file any motions, including a motion for summary judgment, which may become appropriate following discovery or as the litigation progresses.

   B. Defendant's Responsive Pleading.

   Defendant filed its Answer to the Complaint on May 3, 2022 (Dkt. #17).

6. **Status of Settlement Discussions**

    A.    No specific settlement discussions have taken place in this matter yet.

    B.    Plaintiff intends to make a settlement demand by May 24, 2022.

    C.    The Parties do not request a settlement conference at this time.

RESPECTFULLY SUBMITTED,

/s/ David B. Levin
Attorney for Plaintiff
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

/s/ Lisa M. Gibson
Lisa M. Gibson (Admitted Pro Hac Vice)
Attorney for Defendant
Nelson, Mullins, Riley & Scarborough LLP
19191 So. Vermont Avenue, Suite 900
Torrance, CA
Phone: (424) 221-7400
Fax: (424) 221-7499
lisa.gibson@nelsonmullins.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 9, 2022, a copy of the foregoing Joint Initial Status Report was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff
